UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMELO HUERTA LOPEZ, A- 216-241-731,<br>Petitioner,<br>v.<br>WARDEN, GOLDEN STATE ANNEX,<br>Respondent. | No. 1:26-cv-06587-DC-CKD P<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is detained by Immigrations and Customs Enforcement ("ICE") and proceeds without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition and respondent's response are before the court. (ECF Nos. 1, 6.) This matter is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636(b)(1). For the reasons set forth below, the undersigned recommends the court grant the petition and order respondent to provide petitioner a bond hearing before an immigration judge.

**I. Background**

Petitioner is a native of Mexico who alleges he has been living continuously in the United States since he was 11 years old without returning to Mexico since then. (ECF No. 6-1 at 2; ECF No. 1 at 8.) Petitioner has an active work permit and was employed prior to his detention. (ECF No. 1 at 8.) He has established strong community ties and has a family who depends on him for support. (Id.) On November 20, 2017, petitioner submitted an I-918 (Petition for U Nonimmigrant

Status) with USCIS which is still pending. (ECF No. 6-1 at 3.)

Under respondent's evidence, petitioner was arrested on July 13, 2026, for driving under the influence of alcohol, in violation of California Vehicle Code 23152(A). (ECF No. 6-1 at 2.) On the following day, ICE detained petitioner in Willows, California, walking outside. (Id.)

Petitioner alleges he is being unlawfully detained without adequate individualized review. (ECF No. 1 at 6.) He requests release from custody, or, alternately, a prompt individualized hearing regarding his continued detention. (Id.)

Respondent contends petitioner's detention was pursuant to 8 U.S.C. § 1225(b)(2)(A) but acknowledges the Ninth Circuit recently held that § 1226 is the governing statute. (ECF No. 6 at 1.) Respondent states petitioner is entitled to seek a custody redetermination before an immigration judge. (Id.)

## II. Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas, 533 U.S. at 687.

## III. Discussion

Petitioner was present in the interior of the United States when he was detained by ICE, and thus the applicable detention authority is 8 U.S.C. § 1226. See Rodriguez Vazquez v. Bostock, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026) (holding that noncitizens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)). By not providing petitioner a bond hearing, respondents are violating the INA.

Under 8 U.S.C. § 1226(a), the government has discretion whether to release or detain an individual, subject to "extensive procedural protections… including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the

right to seek a new hearing when circumstances materially change." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022). Respondent's assertion that petitioner can seek a custody redetermination hearing provides no reason to deny the petition because petitioner was entitled to an initial bond hearing and other process which should have already been provided. Habeas relief is warranted because petitioner is detained in violation of the INA, as codified at 8 U.S.C. § 1226(a).

Alternate to a bond hearing, petitioner seeks release from custody. The undersigned declines to recommend release as a remedy because the record contains no indication immigration officials ever previously released him into the United States after finding he presents no danger to the community or a flight risk. Cf. Pinchi v. Noem, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (holding a petitioner's prior release after such a determination gave rise to a "heightened" liberty interest in remaining out of detention). Considering § 1226(a)'s discretionary detention framework, and the absence of prior release on bond pursuant to § 1226(a), an order directing respondents to provide a bond hearing is the appropriate remedy. See 8 U.S.C. § 1226(a)(1) (authorizing the Attorney General to arrest and detain noncitizens pending removal proceedings); Rodriguez v. Bostock, 779 F. Supp. 3d 1239, 1263 (W.D. Wash. 2025) (explaining "the specific harm [petitioner] alleges—that he is unlawfully barred from receiving a bond hearing on the merits—is remedied by granting his request for a bond hearing under Section 1226(a)").

## IV. Recommendation

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. The petition for writ of habeas under 28 U.S.C. § 2241 be granted in part.
2. Respondents be ordered to provide petitioner a bond hearing before an Immigration Judge within fourteen (14) days of adoption of these findings and recommendations.
3. The Clerk of the Court be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven (7)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven (7)** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: 08/28/26

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 lope6587.mer