UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMELO HUERTA LOPEZ (A-216-241-731),<br>Petitioner,<br>v.<br>WARDEN, GOLDEN STATE ANNEX,<br>Respondent. | No. 1:26-cv-06587-DC-CKD (HC)<br><br><u>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS</u><br><br>(Doc. Nos. 2, 7) |

Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 28, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (Doc. No. 7.) On September 4, 2026, Respondent objected to the findings and recommendations "for the reasons stated in [the] Reply to Petition for Writ of Habeas Corpus." (Doc. No. 8.) However, those arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases. Indeed, this court has found that noncitizens who have lived in the United States for an extended period of time without having been admitted or paroled, but whose presence the government has been aware of, are entitled to due process protections in the form of

prior notice and a pre-deprivation bond hearing before being detained by immigration authorities for removal proceedings. *See Polynice v. Chestnut*, No. 1:26-cv-07674-DC-CSK, Doc. No. 9 (E.D. Cal. Oct. 14, 2026) (granting motion for a temporary restraining order and petition for a writ of habeas corpus on due process grounds for the petitioner who had not been admitted or paroled into the United States but whose presence the government was aware of through pending petitions with the United States Citizenship and Immigration Services); *Oliveira Tinoco v. Albarran*, No. 1:26-cv-05505-DC-CKD, 2026 WL 2949219, at *4–6 (E.D. Cal. Oct. 1, 2026) (finding prior notice and a pre-deprivation hearing to be the proper relief where the government seizes "a person after years of government-sanctioned liberty without affording any prior process," and ordering that the petitioner be returned to the status quo ante litem) (citation modified). As with the petitioner in *Polynice*, the government has long been aware of Petitioner's presence in the United States considering he has had a Form I-918 application for a U visa pending with the United States Citizenship and Immigration Services since November 2017, and he was previously granted work authorization. (*See* Doc. Nos. 1 at 11; 6-1 at 3.) Thus, Respondent's objections provide no basis upon which to reject the findings and recommendations.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). However, the court finds that the appropriate relief in this case is Petitioner's immediate release from custody. Having carefully reviewed the entire file, the court finds the findings to be supported by the record and by proper analysis, and will adopt the findings and recommendations in part.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 28, 2026 (Doc. No. 7), are ADOPTED IN PART;
2. Petitioner Carmelo Huerta Lopez's (A-216-241-731) petition for a writ of habeas corpus (Doc. No. 1), is GRANTED:
    a. Petitioner shall be RELEASED IMMEDIATELY from Respondent's

custody with the same conditions he was subject to immediately prior to his detention in July 2026. Respondent shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

b. Respondent shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon Petitioner's release from custody;

c. Within three (3) days from the date of entry of this order, Respondent shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;

d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

e. This order does not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

3. Petitioner's pending motion (Doc. No. 2) is DENIED as having been rendered moot by this order;
4. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and
5. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 20, 2026**

Dena Coggins
United States District Judge